UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES A. KILGO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:25-CV-476 |
| ) | |
| ASHLEY SALEM, MAGAHAN ) | District Judge Curtis L. Collier |
| MATTOCKS, BLOUNT COUNTY ) | Magistrate Judge Jill E. McCook |
| SHERIFF'S OFFICE INVESTIGATIONS ) | |
| OFFICE, and BLOUNT COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

Plaintiff, a Blount County Jail inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting (1) claims related to the criminal charges pending against him and (2) claims arising from incidents during his confinement, including exposure of his medical information to non-medical individuals, denial of "a proper diet for [his] medical condition," lack of sufficient access to outside recreation and sunlight, a placement on suicide watch, a placement in protective custody, and denial of proper hygiene. (Doc. 1 at 5–9.) In his complaint, Plaintiff seeks appointment of counsel. (*Id.* at 9). He also filed a motion for leave to proceed *in forma pauperis* (Doc. 5) as well as his inmate trust documents. (Doc. 2.) For the reasons set forth below, Plaintiff's motion (Doc. 5) will be **GRANTED**, his request for appointment of counsel will be **DENIED**, and this action will be **DISMISSED** because the complaint fails to state a plausible claim for violation of § 1983.

### I. FILING FEE

As Plaintiff cannot pay the filing fee in one lump sum, his motion for leave to proceed *in forma pauperis* (Doc. 5) is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00.

28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee. This memorandum and order shall be placed in Plaintiff's institutional file and follow him if he is transferred to a different facility.

## II. APPOINTMENT OF COUNSEL

In his complaint, Plaintiff requests appointment of counsel because he is indigent. (Doc. 1 at 9.) Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06 (internal quotations omitted).

As to the first factor, as set forth above, Plaintiff's claims relate to the charges against him and various incidents during his confinement. (*See*, *generally*, *id.*) These are typical prisoner claims, and none of them are factually or legally complex. Also, it is apparent from Plaintiff's filings that he can adequately present his claims.

Accordingly, Plaintiff has not established that this is an extraordinary case where he is entitled to appointment of counsel. Therefore, his request that the Court appoint him counsel (*id.* at 9) is **DENIED**.

### III. COMPLAINT SCREENING

#### A. Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under (28 U.S.C. §§ 1915(e)(2)(B) and 1915A) because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above the speculative level" fail to state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 555. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

3

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Allegations**

In the substantive portion of his complaint, Plaintiff first sets forth allegations related to the criminal charge(s) against him. (Doc. 1 at 5–7.) Specifically, Plaintiff states that after a police interview with the alleged victim of the crime(s) with which he is charged, Defendants Mattocks and Salem had a warrant issued for his arrest without first performing an investigation. (*Id.* at 5–6.) Defendants Mattocks and Salem then had Plaintiff's cell phone checked, the alleged victim examined, and DNA analysis on items from Plaintiff's home expedited. (*Id.*) But even though the results of these endeavors were "[e]xculpatory" and Plaintiff's lawyer requested discovery, Defendant Salem "withheld said exculpatory evidence" for more than two years while Plaintiff was still in custody "on very excessive bail" and without a bond reduction hearing. (*Id.* at 6–7.) Plaintiff also states that he is still confined even though "[he has] no criminal or illegal activity in the State of Tennessee and [has] lived here since 2010," and on August 6, 2025, "[he] gave [Defendant Salem] formal notice of [r]ecant on a statement" he previously made to Defendant Mattocks. (*Id.* at 7.) Plaintiff further claims he has not been able to speak to his wife since his arrest, even though "she is not [his] alleged victim," (*id.*) and that he was not indicted until more than a year after his arrest. (*Id.* at 9.)

Plaintiff then sets forth allegations regarding events during his confinement. (*Id.* at 7–8.) Specifically, Plaintiff claims that Defendant "Blount County Jail exposed [his] medical status" to non-medical individuals. (*Id.* at 7.) Plaintiff also asserts that during his confinement in Defendant Blount County Jail, he has not received a "proper diet for [his] medical condition," and that unspecified Jail employees have denied him "access to outside recreation and sunlight as is

4

supposed to be given." (*Id.* at 8.) Plaintiff further claims that Defendant Blount County Jail made him stay on protective custody as an alleged sex offender, even though it is dangerous and he requested to be housed elsewhere. (*Id.*) Plaintiff then states that he has not received "proper hyg[ie]ne" during his confinement in Defendant Blount County Jail. (*Id.*)

Plaintiff also indicates in his complaint that he filed grievances regarding (1) the fact that Blount County Jail inmates only receive outdoor recreation once a month; (2) the sharing of his medical information with non-medical staff, specifically deputies, which he states violated his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and (3) the brands of deodorant available to inmates. (*Id.* at 3–4.)

Plaintiff has sued Blount County District Attorney Ashley Salem, Blount County Investigations Detective Magahan Mattocks, the Blount County Jail, and the Investigations Office of the Blount County Sheriff's Office. (*Id.* at 1, 5.) As relief, Plaintiff requests dismissal of all charges against him, "[j]ust and fair compensation for what[']s been done to [him]," "[s]omething done about A.D.A. Ashley Salem and Det. Magahan Mattocks[] (Charges pressed)," "[r]emoval of any [f]alse/misleading articles or news in regards to [him]self and these allegations," eighty million dollars, and an injunction to change the conditions at the Blount County Jail.[1] (*Id.* at 9.)

### C. Analysis

#### 1. Blount County Defendants

While Plaintiff has sued the Blount County Jail and the Blount County Investigations Office, neither of these entities is a "person" subject to suit under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a

---

[1] Plaintiff also requests appointment of an attorney [*Id.*], which the Court addressed above.

'person' subject to suit under 42 U.S.C. §1983.") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Pope v. Phillips*, No. 3:17-CV-119, 2019 WL 1099784, at *2 (E.D. Tenn. Mar. 8, 2019) (holding that a prison security team, like a medical department, has no corporate or political presence and therefore is not a "person" subject to suit under § 1983 (citing *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006)).

Additionally, even if the Court could liberally construe Plaintiff's complaint as against Blount County (which is an entity subject to suit under §1983 and the municipality responsible for the Blount County Jail), for the complaint to state a plausible claim for § 1983 relief against Blount County, it must contain facts indicating that a custom or policy of this entity caused a violation of Plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable under § 1983 only where its custom or policy caused a violation of the plaintiff's constitutional rights). For the reasons that follow, the complaint fails to allege a plausible violation of Plaintiff's constitutional rights, much less that any custom or policy of Blount County caused any such violation.

### 2. Pending Criminal Charges

None of Plaintiff's allegations regarding the pending criminal charges against him (Doc. 1 at 5–7) state a cognizable claim for violation of § 1983.

First, to the extent that Plaintiff seeks to assert a claim for malicious prosecution or false imprisonment regarding his arrest and detention, he has not set forth facts to support such a claim. The Fourth Amendment does not separately ban false arrests, false imprisonments, and malicious prosecutions but prohibits "unreasonable seizures." *Dibrell v. City of Knoxville*, 984

F.3d 1156, 1158, 1160–61 (6th Cir. 2021) (internal quotation marks omitted). Nevertheless, courts generally classify claims challenging detention after issuance of legal process as malicious prosecution claims, which is a "specific version[] of a general unreasonable-seizure claim." *Id.* at 1160–61. Such a claim requires "a plaintiff [to] show . . . that the state lacked probable cause for the prosecution (or detention)." *Id.* at 1164. But "a probability or substantial chance of criminal activity" is sufficient to establish probable cause. *Id.* at 1164 (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)). And "[a] grand jury's indictment [] creates a presumption that probable cause existed, one that the plaintiff can overcome only by showing that the defendant fabricated evidence or recklessly made false statements outside the grand jury." *Id.*

Plaintiff's complaint indicates that he was arrested and confined after a witness gave an interview regarding Plaintiff to police, and a grand jury then indicted him for the charges pending against him. (Doc. 1 at 5, 8.) Moreover, nothing in the complaint suggests that any Defendant lacked probable cause to prosecute or detain him, much less that any Defendant fabricated evidence or made any false statements to the grand jury.

Also, as Plaintiff's remaining allegations regarding the pending state prosecution against him would support claims that he may raise in that state criminal proceeding, which implicates important state interests, this Court must abstain from addressing them. *Younger v. Harris*, 401 U.S. 37, 44–49 (1971) (holding that that federal courts must abstain from entertaining claims that seek to enjoin a state criminal prosecution where those ongoing proceedings implicate important state interests, and the plaintiffs have an adequate opportunity to raise their challenges in that forum).

As such, Plaintiff's claims regarding the pending criminal charges against him fail to allege a cognizable claim for violation of § 1983, and they are therefore **DISMISSED**.

7

### 3. Outdoor Recreation and Sunlight

Plaintiff also claims that he receives sunlight and outdoor recreation once a month, which he asserts is insufficient. (Doc. 1 at 3, 8.) Prisoners are entitled to sufficient exercise opportunities to maintain reasonably good physical and mental health. *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). While the Sixth Circuit does not require a certain amount of exercise for prisoners, it has held that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification," may violate the Eighth Amendment. *Rodgers v. Jabe*, 43 F.3d 1082, 1086–88 (6th Cir. 1995) (quoting *Patterson*, 717 F.2d 284, 289). But neither the Sixth Circuit nor the Supreme Court has "set a minimum amount of time a prisoner must have access to outdoor recreation." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Thus, Courts in this circuit and other circuits routinely dismiss claims arising out of a lack of outdoor recreational opportunities. *See, e.g.*, *Jeffries v. Williamson Cnty. Jail*, No. 3:18-CV-00228, 2018 WL 4778197, at 4–5 (M.D. Tenn. Oct. 2, 2018) (collecting cases).

As Plaintiff's allegations regarding outdoor recreation and sunlight are conclusory and do not allow the Court to plausibly infer that he does not receive adequate opportunity for recreation and/or sunlight exposure in a manner that violates his constitutional rights, they fail to state a plausible claim for violation of § 1983, and they are **DISMISSED**.

### 4. Medical Information

It appears from the complaint that Plaintiff asserts that the exposure of his medical information to jail deputies violated HIPAA. (Doc. 1 at 3, 7.) But while HIPAA regulates the disclosure of identifiable health information, it does not provide a private cause of action enforceable under § 1983. *See Acara v. Banks*, 470 F.3d 569, 570–71 (5th Cir. 2006); *Pitchford v. Metro Nashville Police Dep't*, No. 3:19-CV-00256, 2021 WL 2474461, at *3 (M.D. Tenn. June

8

17, 2021) (collecting cases); *see also* 42 U.S.C. § 1320d-5(a)(1) (authorizing Secretary of Health and Human Services to impose penalties for HIPAA violations). Accordingly, these allegations fail to state a claim upon which relief may be granted under § 1983, and they are **DISMISSED**.

5. **Hygiene**

The only fact that Plaintiff provides to support his allegation that he has been denied proper hygiene during his Blount County Jail confinement is that he filed a grievance challenging the type of deodorant the jail provides. (*Id.* at 4, 8.) But these allegations do not allow the Court to plausibly infer that Plaintiff has been denied hygiene items in a manner that rose to the level of a violation of Plaintiff's constitutional rights, and they are therefore **DISMISSED**.

6. **Housing Placements**

Plaintiff also claims that he is housed in protective custody, which he states is dangerous, despite his request to be housed elsewhere, and that he was once "placed on suicide watch for no reason." (*Id.* at 8.) However, Plaintiff does not set forth any facts suggesting that an individual Defendant was involved in either of these housing placements, or that these housing placements were due to a custom or policy of Blount County.

Moreover, Plaintiff also does not set forth any facts about these housing placements that suggest they rose to the level of a violation of constitutional rights. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (providing that only allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable § 1983 conditions-of-confinement claim) (citations and quotations omitted). Nor does Plaintiff's complaint contain any facts justifying the Court's interference into the administrative decision of where to house him or suggesting that either of these housing placements subjected him to a hardship that entitled him to due process. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Meachum v. Fano*, 427

9

U.S. 215, 224–25 (1976)); *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a . . . correctional system program except in the most compelling situations"); *Sandin v. Conner*, 515 U.S. 472, 484, 486–87 (1995) (finding that a prisoner is entitled to the protections of due process only when a sanction "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998).

Accordingly, Plaintiff's allegations regarding his housing placements are **DISMISSED**.

6. **Medical Diet**

Plaintiff also claims he has not received a proper diet for an unspecified medical condition during his Blount County Jail confinement (*Id.* at 7.) Again, however, this statement is conclusory, and the complaint contains no facts to allow the Court to plausibly infer that an individual Defendant was involved in denying him this diet, or that the denial of the diet is due to a custom or policy of Blount County. Nor does Plaintiff provide any facts suggesting that the denial of this medical diet rises to the level of a constitutional violation. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 316–317 (6th Cir. 2023) (providing that, to state a claim for violation of § 1983 regarding denial of medical care, a pretrial detainee must set forth facts from which the Court can infer that the defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known'")

10

(quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021)). Accordingly, this allegation is also **DISMISSED**.

III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Plaintiff's request for appointment of counsel in his complaint (*Id.* at 9) is **DENIED**;

6. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

7. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

**ENTER:**

/s/_____

**CURTIS L. COLLIER**

**UNITED STATES DISTRICT JUDGE**